**No. 27898**

**John V. Tumbarello v. The Superior Court in and for the Second Judicial District and the Honorable Charles E. Bennett, Judge, thereof**
**No. 27942**
**Arapahoe County Credit Agency, Inc. v. Karen L. Backstrom v. John V. Tumbarello**

(575 P.2d 431)

Decided March 6, 1978.

Lawrence Rotenberg, for petitioner and Third-Party defendant-appellant.

George A. Hinshaw, for respondents and defendant Third-Party plaintiff-appellee.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

Petitioner Tumbarello seeks review of the dismissal of his appeal to the Denver Superior Court from a judgment rendered against him in the Denver County Court. The appeal was dismissed because Tumbarello did not docket his appeal in the superior court within the proper time. We accepted jurisdiction[1] of this case to clarify the rule governing the docketing of an appeal from a county court judgment in a superior court or district court. We hold that petitioner's appeal was not docketed within a proper time and therefore no error was committed when the respondent court dismissed the appeal.

In the Denver County Court, Tumbarello was joined as a third-party defendant in a civil case, and judgment was rendered against him on July 26, 1977. The following day he gave notice of appeal, made a motion for

---

[1] This case reached us tangled in a procedural knot. When his appeal was dismissed by the superior court, petitioner sought review by bringing an original proceeding to this court and also by filing an appeal with the court of appeals. The fact that the petitioner filed an appeal indicates that the original proceeding was inappropriate since it presented a question which is subject to review. However, section 13-6-310(4), C.R.S. 1973, provides that an appeal from a determination by a district court or a superior court upon a matter appealed to that court from the county court may only be made upon a writ of certiorari issued by the Supreme Court. Therefore, the appeal to the court of appeals was improper. The case was transferred to the Supreme Court to be treated as a petition for a writ of certiorari. We "granted" the "petition" to address the important question raised. This opinion disposes of both Case No. 27898, the original proceeding, and Case No. 27942, the transfer from the court of appeals.

the designation of the record on appeal, made a designation of error, posted an appeal bond, and made a deposit for preparing the record. On September 2, thirty-eight days after judgment was entered, the time for filing the record was extended to December 3rd, at the request of the county court clerk. The petitioner docketed the appeal in superior court on September 21, which was fifty-seven days after judgment was entered against him in county court.[2] A month later, the respondent judge dismissed the appeal because the petitioner had not docketed his appeal within the proper time. He now urges this court to reinstate the appeal, alleging that there was no lack of diligence by his counsel in perfecting an appeal, that no rule requires him to have acted other than as he did, and that the respondent court acted arbitrarily and capriciously in dismissing his appeal.

Section 13-6-311(1)(b), C.R.S. 1973, and the almost identically worded Rule 411(a)(1) of the County Court Civil Procedure Rules prescribe the procedure for bringing an appeal from a county court judgment. Both the statute and the rule state, in pertinent part, as follows:

"Upon filing of the notice of appeal, the posting and approval of the bond, and the deposit by the appellant of an estimated fee in advance for preparing the record, the county court shall discontinue all further proceedings and recall any execution issued. *The appellant shall then docket his appeal in the district court*."[3] (Emphasis added.)

The rule and the statute are not specific on how much time is to be allowed for docketing an appeal; however, both clearly provide that the docketing must take place no later than the time allowed for completing and lodging the record. In so ruling, we adopt the reasoning applied to a similarly worded rule of criminal procedure in *Perdew v. Denver*, 163 Colo. 511, 432 P.2d 239 (1967).

■ In *Perdew*, we construed the word "then" as meaning "soon after and next in the order of time after the filing of the notice of appeal in the county court," and we interpreted the criminal rule of procedure there at issue to mean that docketing should occur before the transcript is completed. Under both the civil and criminal procedures for appeals from county court, completion or lodging of the transcript is the step in perfecting an appeal which follows docketing, and forty days following judgment are allowed for completing or lodging it. In *Perdew*, we held that the time allowed for completing a transcript was a reasonable and acceptable time

[2] An excerpt from the transcript of the hearing on the motion to dismiss the appeal indicates that the attorney neglected to docket the appeal because he assumed that it was the clerk's responsibility to docket.

[3] Section 13-6-311(6), C.R.S. 1973 and Rule 411(6) of the County Court Civil Procedure Rules state that these provisions apply to appeals to superior court in counties in which a superior court has been established.

element within which to docket an appeal, and that "[t]his time element is unaffected by any enlargement, for any reason, of the forty days provided for the lodging or preparation of the transcript."

We now apply the same time limit to the procedure for civil appeals from county court. The fifty-eight days between the entry of judgment and the docketing of the case in superior court was not a reasonable interval even if the time allowed for completing and lodging a transcript had been extended. The respondent court did not act arbitrarily and capriciously in dismissing the appeal.

The ruling of the superior court is affirmed.

MR. JUSTICE LEE does not participate.

MR. JUSTICE CARRIGAN dissents.